Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7685 | **DATE** | 11/30/2001 |
| **CASE TITLE** | Carp PenFd v. FVE & Assc Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Third-Party Defendants Carpenters' Fringe Benefits Funds of Illinois'
Motion to Dismiss the Third Party Complaint (doc. #14-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ General Rule 21   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Third-Party Defendants Carpenters' Fringe Benefits Funds of Illinois' Motion to Dismiss the Third Party Complaint (doc. #14-1) is GRANTED. Defendant/Third-Party Plaintiff F.V.E. & Associates is granted leave to file a motion to enforce the settlement agreement.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | Document Number |
|---|---|---|---|
| | No notices required, advised in open court. | | |
| ✓ | No notices required. *distributed* Notices mailed by judge's staff. | number of notices DEC 04 2001 date docketed | 29 |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | |
| courtroom deputy's initials | Date/time received in central Clerk's Office | 01 DEC -3 PM 5:39 | date mailed notice distributed deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY CARPENTERS HEALTH AND WELFARE FUND<br>Plaintiff,<br><br>v.<br><br>F.V.E. & ASSOCIATES, INC. d/b/a FOX VALLEY EXTERIORS, INC.<br>Defendant/Third-Party Plaintiff<br><br>v.<br><br>CARPENTERS FRINGE BENEFIT FUNDS OF ILLINOIS and MICHAEL T. KUCHARSKI,<br>Third-Party Defendants. | CASE NO. 00 C 7685<br><br>JUDGE WILLIAM J. HIBBLER |

DOCKETED
DEC 0 4 2001

## MEMORANDUM AND ORDER

The Court has before it Carpenters Fringe Benefit Fund of Illinois and Michael T. Kucharski's ("Fox Valley Funds") Motion to Dismiss Fox Valley Exteriors, Inc.'s ("F.V.E.") Third-Party Complaint. F.V.E., acting as a Third-Party Plaintiff, brings Fox Valley Funds into the underlying action as a Third-Party Defendant. However, F.V.E. should have sought a motion to enforce the parties' earlier settlement agreement against Fox Valley Funds, instead of attempting to enjoin them to this lawsuit through a Third-Party Complaint. Third-Party Defendant's Motion to Dismiss is GRANTED without prejudice.

1



## Background

F.V.E.'s Third-Party Complaint arises out of a settlement agreement reached between F.V.E and Fox Valley Funds. F.V.E. is obligated to make fringe benefit contributions on behalf of its union employees to Fox Valley Funds pursuant to a collective bargaining agreement. In 1997, Fox Valley Funds filed a lawsuit to collect delinquent fringe benefit contributions from F.V.E. The dispute was settled with, in part, a provision stating if another trust fund made a claim for contributions against F.V.E., then Fox Valley Funds would pay the claim. Further, a reciprocity agreement exists between Fox Valley Funds and the plaintiff in this case, Will County Carpenters Trust Funds ("Will County"), which requires the transfer of money or credits between the funds as necessary.

Will County now claims F.V.E. owes it money for delinquent benefits and alleges FVE should have paid these contributions directly to Will County, but instead paid them to the Fox Valley Funds. Will County asks for some of the contributions made by F.V.E. to Fox Valley.

In response, F.V.E. brought this Third-Party Complaint against Fox Valley Funds to obtain any overpayment for contributions or restitution. F.V.E. claims its settlement agreement with Fox Valley Funds requires Fox Valley to pay Will County for claims on some of the same hours F.V.E. has already paid to Fox Valley.

**Standard of Review**

A motion to dismiss should not be granted unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts which entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957). Further, all well pled factual allegations must be accepted as true, and all reasonable inferences drawn in a light most favorable to Plaintiff. *DiBenedetto v. City of Chicago,* 873 F.Supp. 106, 108 (N.D. Ill. 1994).

**Analysis**

F.V.E. claims the Court has subject matter jurisdiction of its Third-Party Complaint under the National Labor Relations Act, 29 U.S.C. § 185 (a) and Section 502 of the Employee Retirement Security Act ("ERISA"), 29 U.S.C. § 1132 (e) (1), 1145, and 28 U.S.C. § 1331. Fox Valley Funds disputes the existence of subject matter jurisdiction and argues F.V.E. is merely attempting to characterize its claim against Fox Valley as overpayment or restitution so F.V.E. can get into federal court. Further, Fox Valley Funds contends even if such a claim exists, there is still no subject matter jurisdiction under ERISA or the federal common law.

ERISA states "[t]he district courts of the United States shall have exclusive jurisdiction of civil actions under this subchapter brought by the Secretary or by a *participant, beneficiary, fiduciary, or any person referred to in section 1021 (f) (1)*." 29

U.S.C. 1132 (e) (1) (emphasis added). Fox Valley Funds is correct that employers such as F.V.E. are not named as one of the entities entitled to bring a civil action under ERISA. Indeed, it is generally accepted that "an employer cannot ordinarily be an employee or participant under ERISA" and thus lacks standing to bring suit under ERISA. *Giardono v. Jones*, 867 F.2d 409, 411 (7th Cir. 1989); *see also Soft Drink Indus. Local Union No. 744 Pension Fund v. Coca-Cola Bottling Co. of Chicago*, 679 F.Supp. 743, 747 (N.D. Ill. 1988) ("Employers are conspicuous by their absence."); *Plucinski v. I.A.M. Nat'l Pension Fund*, 875 F.2d 1052, 1056 (3rd Cir. 1989) (there is no indication in the ERISA statute or in its legislative history that Congress "intended to give employers any causes of action at all under ERISA"). Courts have acknowledged that under certain circumstances the court may develop a federal common law to fill gaps of ERISA left by Congress. *See UIU Severance Pay Trust Fund v. Local Union No. 18-U, United Steel Workers of America*, 998 F.2d 509, 512-13 (7th Cir.1993). However, the courts are reluctant to create ERISA causes of action by implication, in addition to those enumerated in the statute, and courts cautiously develop a common law of ERISA only under limited circumstances. *UIU Severance Pay*, 998 F.2d at 512. Accordingly, a court must inquire as to whether the judicial creation of a right is "necessary to fill in interstices or otherwise effectuate the statutory pattern enacted in the large by Congress." *Plucinski*,

4

875 F.2d at 1056. The Seventh Circuit has supplemented ERISA with federal common law restitution claims in limited contexts. *See Constr. Indus. Ret. Fund of Rockford v. Kasper Trucking, Inc.*, 10 F.3d 465, 467 (7th Cir.1993) (restitution for mistaken payments); *UIU Severance Pay*, 998 F.2d at 513 (union could seek recovery of unauthorized contributions); *see also Heller v. Fortis Benefits Ins. Co.*, 142 F.3d 487, 494-95 (D.C.Cir.1998) (insurance company entitled to federal common law unjust enrichment remedy to recover benefits erroneously paid to claimant); *Luby v. Teamsters Health, Welfare, & Pension Trust Funds*, 844 F.2d 1176, 1186 (3rd Cir.1991) (federal common law restitution available to employers to recover mistakenly paid pension fund contributions as long as the restitution does not result in underfunding the plan); *Cent. States Southeast & Southwest Areas Pension Fund v. Howard Baer, Inc.*, 753 F.Supp. 241, 244 (N.D.Ill.1991) ("A claim for restitution is appropriate in employer refund actions since the employer, in effect, is asking that the plan disgorge unfair gains. Relief under federal common law in the area of employer overpayment is consistent with the ERISA statutory scheme."); *Printing Industry of Ill. Employment Benefit Trust v. Timely Press*, No. 00 C 2775, 2001 WL 303546, at *2 (N.D.Ill. Mar. 27, 2001)(employer has standing under federal common law of restitution implied under ERISA); *Chicago Steel & Crane, Inc. v. Structural Ironworkers Local No. 1*, No. 00 C 1615, 2000 WL 1448660, (N.D.Ill. May 11, 2000)(employer

could bring suit under federal common law of ERISA regarding money not yet paid to the Funds).

Thus, one of the limited circumstances under which a court may develop a federal common law surrounding ERISA is when the employer made payments or contributions by "mistake of law or of fact." *UIU Severance Pay,* 998 F.2d at 512; *Plucinski,* 875 F.2d at 1057 ("There is an equitable cause of action by employers for the recovery of contributions erroneously paid to pension funds due to mistake of fact or law.") Specifically, where contributions are made by mistake, it is necessary to supplement ERISA with the federal common law of restitution to prevent another party from making unfair gains or being unjustly enriched by the mistake. *Harris Trust and Savings Bank v. Hartog,* 57 F.3d 608, 615 (7th Cir. 1995); *Bd. of Trs. Sheet Metal Workers' Nat'l Pension Fund v. Illinois Range, Inc.,* 71 F.Supp.2d 864, 867 (N.D. Ill. 1999); *Howard Baer, Inc.,* 753 F.Supp. at 243 (N.D. Ill. 1991).

F.V.E.'s argument for restitution contains two fatal flaws. First, nowhere in its claim does F.V.E. assert it made a payment/contribution to Fox Valley Funds by "mistake", nor has F.V.E. alleged Fox Valley has been unjustly enriched by F.V.E.'s payments. F.V.E. paid the money, pursuant to the settlement agreement reached between it and Fox Valley, for contributions F.V.E. owed Fox Valley, i.e. the money Fox Valley received from F.V.E. was money owed to it under the collective bargaining

6

agreement. Further, F.V.E. states explicitly that mistake is not at issue here. "This is not an action to seek contributions mistakenly paid pursuant to a settlement agreement... F.V.E. is not asserting that it mistakenly paid any monies pursuant to a settlement agreement." (F.V.E. Resp. to Mot. to Dismiss at 5.) Therefore, absent an allegation of a mistaken contribution, the Court lacks subject matter jurisdiction over the third party complaint because no federal common law right for restitution exists here under ERISA. *See also U.S. for Use of Atlas Const. Servs., Inc. v. Joseph Const. Co.*, No. 88 C 1709, 1989 WL 157519 (N.D. Ill. Dec. 11, 1989)(not only was the employer obligated to have made payments pursuant to the original collective bargaining agreement reached between the parties, where money is paid to a multi-employer fringe benefit fund pursuant to a settlement, said payment cannot later be alleged as a mistaken contribution over which a federal court may exercise subject matter jurisdiction).

Second, and most significant, in F.V.E.'s Response to Fox Valley's Motion to Dismiss, F.V.E. states adamantly that although it had set forth its claim as one for contributions or restitution, it was actually bringing a claim to enforce the settlement agreement with Fox Valley Funds. "Although F.V.E.'s claim is captioned as one for refund of contributions/restitution, it is actually a claim made by F.V.E. to enforce the Fox Valley Funds' obligations pursuant to the settlement and reciprocity

7

agreements... F.V.E. seeks to enforce not only the settlement agreement entered into between it and the Funds but also to enforce the reciprocity agreements." (F.V.E. Resp. to Mot. to Dismiss at 4-5.). F.V.E.'s statements distance it from a claim of restitution recognized by the federal courts. *See Henderson v. Sheahan*, 196 F.3d 839, 845 (7th Cir. 1999)(a plaintiff can plead himself out of court by pleading facts that undermine the allegations set forth in his complaint). As such, F.V.E. filed the wrong motion; instead of attempting to drag Fox Valley into this dispute as a Third-Party Defendant, F.V.E. should have filed a motion to enforce the settlement agreement. To conserve judicial resources, in anticipation of such a motion, the Court grants F.V.E. leave to file a motion to enforce the settlement agreement.

## CONCLUSION

For the above reasons, Third-Party Defendant's Motion to Dismiss is granted without prejudice. Third-Party Defendant is granted leave to file a motion to enforce the settlement agreement.

**IT IS SO ORDERED.**
DATED: November 30, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE