Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | William J. Hibbler | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 7685 | **DATE** | 11/30/2001 |
| **CASE TITLE** | Carp PenFd v. FVE & Assc Inc | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

Third-Party Defendants Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174's Motion to Dismiss the Third Party Complaint (doc. #17-1)

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference [held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial [set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs [by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Third-Party Defendants Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174's Motion to Dismiss the Third Party Complaint (doc. #17-1) is GRANTED.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| ✓ | No notices required. distributed | number of notices | |
| | Notices mailed by judge's staff. | DEC 04 2001 | |
| | Notified counsel by telephone. | date docketed | 20 |
| ✗ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | FOR DOCKETING | |
| | Copy to judge/magistrate judge. | 01 DEC -3 PM 6:39 | |
| | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | distributed mailing deputy initials |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUSTEES OF THE WILL COUNTY CARPENTERS HEALTH AND WELFARE FUND<br>  Plaintiff,<br><br>v.<br><br>F.V.E. & ASSOCIATES, INC. d/b/a FOX VALLEY EXTERIORS, INC.<br>  Defendant/Third-Party Plaintiff<br><br>v.<br><br>CHICAGO & NORTHEAST ILLINOIS DISTRICT COUNCIL OF CARPENTERS and CARPENTERS LOCAL UNION 174<br>  Third-Party Defendants. | CASE NO. 00 C 7685<br><br>JUDGE WILLIAM J. HIBBLER |

DOCKETED
DEC 0 4 2001

## MEMORANDUM AND ORDER

The Court has before it Chicago & Northeast Illinois District Council of Carpenters and Carpenters Local Union 174's ( "Union") Motion to Dismiss Fox Valley Exteriors, Inc.'s ("F.V.E.") Third-Party Complaint. F.V.E., as a Third-Party Plaintiff, brings Union into this lawsuit as a Third-Party Defendant. F.V.E. claims the Union should indemnify F.V.E. for any monies F.V.E. may be directed to pay to the original Plaintiff, Will County Carpenters Local 174 Pension Trust Funds and Supplemental Pension Fund ("Pension Fund"), in this case. The Court determines the Union is not monetarily liable to F.V.E. Third-Party Defendant's Motion to Dismiss is GRANTED.

1



**Background**

F.V.E. is a subcontractor engaged in installing siding at commercial construction sites in the Chicago area and is a signatory to a collective bargaining agreement ("CBA") with the Union. Under the CBA, F.V.E. contributes to local pension funds on behalf of employed union members. These local pension funds have reciprocity agreements with the Pension Fund that allow contributions to be transferred between funds to cover workers in different counties or regions. The Pension Fund is suing F.V.E. for failing to contribute to their fund from May 1, 1997 through August 31, 2000. F.V.E. claims it made its required contributions to other funds.

The Union has a reciprocity agreement with the Pension Fund. The reciprocity agreement provides for the transfer of money or credits between the various funds so that if an employer, such as F.V.E., makes a payment into a fund other than where an employee's home local is located, the money or credits are automatically transferred to the appropriate account. F.V.E. claims it paid its contributions, but these monies were deposited into the incorrect account and the Union then failed to transfer the money accordingly. F.V.E. argues the Union's failure resulted in the appearance F.V.E. did not make the required payments into the Pension Fund during the relevant time period. Consequently, F.V.E. wants the Union to indemnify against any damages F.V.E. may be

forced to pay to the Pension Fund. Further, F.V.E. claims the Union has known for more than thirty years that F.V.E. has always made payments to an employee's home local and not where the work was initiated. F.V.E. argues in allowing this practice to continue, F.V.E. has incurred damages for which the Union is accountable.

## Standard of Review

A motion to dismiss should not be granted unless it appears beyond a reasonable doubt that Plaintiff can prove no set of facts which entitle them to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). Further, all well pled factual allegations must be accepted as true, and all reasonable inferences drawn in a light most favorable to Plaintiff. *DiBenedetto v. City of Chicago*, 873 F.Supp. 106, 108 (N.D. Ill. 1994).

## Analysis

At the outset, the Court recognizes Judge Pallmeyer of the Northern District of Illinois has ruled previously on the same issue involving the same Third-Party Plaintiff's attorneys and the same Third-Party Defendant. In *Will County Carpenter Trust Funds v. K & I Construction, Inc.*, a Third-Party Plaintiff ("K & I") filed a claim against the Union as a Third-Party Defendant. K & I argued the Union should indemnify it against any potential damages incurred from the original lawsuit filed against it. The facts in that case are substantially similar to those in this case. Judge

3

Pallmeyer granted the Union's Motion to Dismiss and stated the Union is "not liable for recovery of amounts that K & I has allegedly paid or owes". *Will County Carpenter Trust Funds v. K & I Constr.*, No. 00 C 7684 (N.D.Ill August 28, 2001)(Minute Order). The Court concurs with her finding and sees no reason to depart from another court's decision when, as here, the parties and fact patterns are nearly identical.

Further, the Court fails to see how the Union could be responsible to F.V.E. for potential damages. *See Cent. States v. Gerber Truck Servs., Inc.* 870 F.2d 1148 (7th Cir. 1989) (the Seventh Circuit explicitly stated trust funds are third party beneficiaries of a CBA); *see also Southwest Adm'rs, Inc. v. Rozay's Transfer*, 791 F.2d 769 (9th Cir. 1986); *Chicago Area Int'l Bhd. of Teamsters Health v. Watermelon Depot, Inc.*, No. 94 C 5819, 1996 WL 447254, at *3 (N.D.Ill. July 31, 1996). A trust fund and a union are separate and distinct bodies. Pension and welfare plans are not parties to collective bargaining agreements between employers and a union. *Southwest Adm'rs, Inc.*, 791 F.2d at 773. Instead, the plans are third-party beneficiaries of collective bargaining agreements because the agreements provide an employer will make contributions into the fund on behalf of its covered employees at some regular interval. *See Robbins v. Lynch*, 836 F.2d 330, 333 (7th Cir. 1988). Consequently, the Pension Fund may move to enforce the terms of the CBA without asking the Union for approval or support and may bring

a lawsuit for unpaid contributions against an employer like F.V.E. without involvement from the Union. F.V.E. cannot drag the Union into this dispute between F.V.E. and the Pension Fund.

Finally, even when viewed in the context of the relatively liberal federal notice pleading requirements, F.V.E. fails to state its case for relief, because the company does not allege with specificity that the Union engaged in fraudulent conduct. Where an employer seeks indemnification from a union for contributions the employer made to the trust fund, the employer must properly allege, and ultimately prove, fraudulent conduct by the union. In *Rozay's Transfer v. Local Freight Drivers, Local 208,* 850 F.2d 1321, 1326 (9th Cir. 1988), the Ninth Circuit stated if the union were to be liable for indemnification for contributions, then the employer must establish a claim of fraudulent representation and prove "the union knowingly made a false representation concerning a material fact with the specific intent to deceive [the employer]". *See also Southwest Adm'rs, Inc.,* 791 F.2d at 773 (fraud was alleged to have occurred during the signing of the CBA); *Moriarty, on Behalf of Trustee of Local Union No.727 v. Brust Funeral Home, Ltd.,* No. 95 C 333, 1995 WL 472771, at *4 (N.D.Ill. Aug. 8, 1995); *Central States, SE and SW Areas Pension Fund v. R D Motor Exp., Inc.,* No. 85 C 7740, 1988 WL 93936, at *3 (N.D.Ill Sep. 2, 1988).

Here, F.V.E. was required to plead with specificity, as required by Federal Rule of Civil Procedure 9(b). Federal Rule of

5

Civil Procedure 9(b) mandates a plaintiff who alleges fraud or mistake to state with particularity the circumstances constituting fraud or mistake. Specifically, Rule 9(b) requires the plaintiff to specifically allege the who, what, where, and when of the alleged fraud. Fed.R.Civ.P. 9(b); *see Ackerman v. Northwestern Mut. Life Ins. Co.*, 172 F.3d 467, 469-70 (7th Cir.1999) (clarifying *Vicom, Inc. v. Harbridge Merch. Serv. Inc.*, 20 F.3d 771, 777 n.4 (7th Cir. 1994)); *Uni-Quality, Inc. v. Infotronx, Inc.*, 974 F.2d 918, 923 (7th Cir. 1992); *Bankers Trust Co. v. Old Republic Ins. Co.*, 959 F.2d 677 (7th Cir. 1992). The reason for the heightened pleading requirement in such cases is to force the plaintiff to do more than the usual investigation before filing a complaint "to assure that the charge of fraud is responsible and supported, rather than defamatory and extortionate." *Ackerman*, 172 F.3d at 469.

> Greater precomplaint investigation is warranted in fraud cases because public charges of fraud can do great harm to the reputation of a business firm or other enterprise (or individual), because fraud is frequently charged irresponsibly by people who have suffered a loss and want to find someone to blame for it, and because charges of fraud ... frequently ask courts in effect to rewrite the parties' contract or otherwise disrupt established relationships.

*Id.* at 469 (citations omitted).

F.V.E. does not allege with any specificity any misconduct or misrepresentations of fraud. Mere conclusory language which asserts fraud, without a description of fraudulent conduct, does

6

not satisfy Rule 9(b). *D & G Enters v. Cont'l Illinois Nat'l Bank*, 574 F.Supp. 263, 267 (N.D.Ill.1983). F.V.E. merely alleges the Union and F.V.E. modified the CBA and F.V.E. was injured by acting in reliance upon the Union's misrepresentation. F.V.E.'s broad allegations fail to plead fraud with the requisite particularity. For example, was the alleged modification an oral modification ? If so, who were the parties in the conversation and where and when did it occur ? Was the modification a written modification ? If so, who were the drafters or signatories ? Where is this document? F.V.E. fails to plead the bare minimum required to allege fraudulent misrepresentation or misconduct.

Thus, the Court need not address F.V.E.'s argument for restitution, based on benefits obtained through fraud or misrepresentation, under Section 17 of the Restatement of Restitution. If F.V.E. wanted to bring its Third-Party Complaint on the grounds the Union committed fraud and should therefore be required to pay restitution, then it should have followed the Federal Rules and pleaded with specificity. Because it did not, its argument necessarily fails.

## CONCLUSION

For the above reasons, Third-Party Defendant's Motion to Dismiss is granted.

**IT IS SO ORDERED.**
DATED: November 30, 2001

_____
WILLIAM J. HIBBLER, DISTRICT JUDGE

7